[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Mark Gray entered a no-contest plea to eight counts of theft in violation of R.C. 2913.02(A)(3). The trial court imposed a one-year prison term for each of counts one through five and ordered that those sentences be served consecutively. The remaining sentences were to be served concurrently. Gray now timely appeals his conviction and sentence.
{¶ 3} Gray's appointed appellate counsel, after thoroughly reviewing the record, the applicable law, and correspondence from Gray regarding prejudicial errors, has stated in her brief, pursuant to Andersv. California,[1] that she has found no errors in the proceedings below and has filed a motion to withdraw as counsel. Appellate counsel has also noted in her brief that Gray does not contest his convictions, but instead believes that it was error for the trial court to sentence him to prison instead of to community control.
{¶ 4} Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of Gray's convictions. We have reviewed the entire record, including the sentencing transcript, and conclude that no prejudicial error attended the proceedings below. The trial court properly sentenced Gray to a total of five years in prison. The trial court made all the requisite findings for consecutive and maximum sentences, both verbally and in writing on the felony-sentencing worksheet. The court's findings were supported in the record transmitted for our review.
{¶ 5} Accordingly, we hold that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
{¶ 6} Although we have concluded that this appeal is frivolous pursuant to App.R. 23 and is without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Gray because it is clear from the record that he is indigent.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Winkler, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.